# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SECURITYPOINT MEDIA, LLC,**

    Plaintiff,

v.

**THE ADASON GROUP, LLC,**

    Defendant.

CIVIL ACTION NO.:
8:07CV00100-T2Y EAJ

## DEFENDANT THE ADASON GROUP, LLC'S
## MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER
## VENUE AND MEMORANDUM OF LAW IN SUPPORT THEREON

## MOTION TO DISMISS OR, ALTERNATIVELY, TO TRANSFER VENUE

By this action, Plaintiff seeks to force a small Georgia company with no "minimum contacts" with the State of Florida to defend baseless patent infringement and unfair competition claims within this State. This Court is not an appropriate court to adjudicate these claims because: (1) there does not exist personal jurisdiction over Defendant The ADASON GROUP, LLC ("Adason"), and (2) venue is improper in Florida and in this District. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3), this Court should dismiss this action for lack of personal jurisdiction and improper venue. Alternatively, this Court should, pursuant to 28 U.S.C. § 1404(a), transfer this action to a more convenient forum.

## MEMORANDUM OF LAW

## STATEMENT OF FACTS

Adason is a small Georgia limited liability company with its only office in Atlanta, Georgia. (See Declaration of Adason's Co-President Allison Johnson ("Johnson Decl.") at ¶ 3). Adason does not maintain an office nor have any employees in Florida. (Id. at ¶ 4). Adason is not licensed to do business in Florida and has no designated agent for service of process in Florida. (Id. at ¶ 5). Adason does not own, rent, use or possess any real or personal property, or maintain any bank accounts, telephone listings, or mailing addresses in Florida. (Id. at ¶ 6). Adason is not obligated to and does not pay any taxes in Florida. (Id. at ¶ 7). Adason has never marketed to any Florida entity, has never contracted with any Florida company, and has never solicited any contracts with any Florida entity. (Id. at ¶ 8). Stated simply, Adason has never conducted business in the State of Florida and has no present intention of ever doing so. (Id., at ¶ 9).

Following the filing and service of the Complaint, Adason, along with approximately 3,000 other attendees, did attend a national trade show in Orlando, Florida between February 18-20, 2007. (Id., at ¶ 10). However, at that show, Adason did not offer for sale any product or system to any entity, much less any Florida entity, and did not make any sale of any product or system at the show.

(Id., at ¶ 11). Finally, Adason has never represented or made any statements to any entity, much less any company in Florida, that its products or system are patented. (Id. at ¶ 12).

On January 16, 2007, Plaintiff SecurityPoint Media, LLC ("Plaintiff" or "SPM") filed its Complaint alleging, *inter alia*, that Adason is infringing SPM's "process" patent, which can only be implemented at an airport security checkpoint. (See, Complaint at ¶ 9). SPM further alleged, "on information and belief", that Adason caused improper confusion in the marketplace. (Id., at ¶ 16). As its sole factual basis for such alleged "confusion", SPM alleges – again "on information and belief" -- that Adason has "represented" to third parties that its products or system are patented. (Id., at ¶¶ 26, 29, 33, 37, 41).

Knowing full well that Adason has no contacts with Florida, SPM's Complaint alleges generally and "[o]n information and belief, [that] Defendant regularly and continually transacts business in the State of Florida" and that "[v]enue is proper in this district under 28 U.S.C. § 1391 and 1400(b)." (Id. at ¶¶ 7, 8). Plaintiff's Complaint was served on Adason on February 2, 2007.

## ARGUMENT

### A.  This Court Does Not Have Personal Jurisdiction Over Adason.

In evaluating a motion to dismiss for lack of personal jurisdiction, Plaintiff has the burden of proving that jurisdiction is proper. Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006). Plaintiffs may not simply rely on unsubstantiated allegations in a complaint, but rather must come forward and establish jurisdiction through proper proof. See id.

In order for a federal court to assert personal jurisdiction over a non-resident defendant, the court must determine whether there exist sufficient "minimum contacts" to satisfy the due process requirements of the Fourteenth Amendment of the U.S. Constitution.[1]  Int'l Shoe Co. v. Washington, 326 U.S. 310, 315-317 (1945). Federal due process principles provide for two types of personal jurisdiction: (1) general jurisdiction, and (2) specific jurisdiction. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 (1984). As explained more fully below, Adason's contacts with Florida are insufficient for the purposes of establishing either general or specific personal jurisdiction.

---

[1] Jurisdiction over Adason does not exist under Florida's long-arm statute, F.S.A. § 48.193. As set forth in greater detail below, Adason neither "operates" nor "carries on" any business in Florida. Further, Adason has not committed any tortious act within the State. Accordingly, the Court should find the assertion of personal jurisdiction inappropriate under Florida's long-arm statute as well.

### 1.    This Court Does Not Have General Personal Jurisdiction Over Adason.

For a court to exercise general personal jurisdiction over a non-resident, the non-resident's contacts with the forum state must be so "substantial" and "continuous and systematic" that it is "present" in the State for all practical purposes.  <u>Helicopteros</u>, 466 U.S. at 414-417.  Assuming the existence of such substantial and systematic contacts, a plaintiff may bring an action against a non-resident regardless of whether the claims arise from the defendant's contacts with the forum.  <u>Id.</u>, 466 U.S. at 414.

The standard for general jurisdiction is simply not met in this case.  In its Complaint, Plaintiff simply alleges – "on information and belief" – that Adason "regularly and continuously transacts business in the State of Florida and in this judicial district."  (<u>See</u> Complaint at ¶ 5).  As overwhelmingly demonstrated by the Johnson Declaration, however, Adason does not conduct any business in the State of Florida.  Indeed, to the contrary, Adason does not maintain an office nor have any employees in Florida; is not licensed to do business in Florida; has no designated agent for service of process in Florida; does not own, rent, use or possess any real or personal property, or maintain any bank accounts, telephone listings, or mailing addresses in Florida; and is not obligated to and does not pay

any taxes in Florida. (Johnson Decl. at ¶¶ 5-9). Adason has never marketed to any Florida entity nor contracted with any Florida entity. (Id. at ¶ 8).

Adason did attend a single national trade show in Orlando, Florida between February 18-20, 2007, along with approximately 3,000 other attendees. However, numerous courts have recognized that attendance, and even having booths, at national trade shows are insufficient to establish personal jurisdiction. See, e.g., Xactware v. Symbility Solution, Inc., 402 F.Supp.2d 1359, 1365 (D. Utah 2005) (no personal jurisdiction over alleged patent infringer despite alleged infringer paying for national advertising and conducting booths, with representatives to explain its products, at multiple trade shows). See also, Amateur-Wholesale Electronics v. R.L. Drake Co., 515 F.Supp. 580, 585 (S.D. Fla. 1981) (finding defendants' two trade show displays of its products in Florida to be insufficient to establish business to be of "substantive character" or have "continuity" for purposes of Clayton Act.).[2] Accordingly, Plaintiff cannot establish the existence of general personal jurisdiction over Adason.

---

[2] Where defendants have attended trade shows and courts have found jurisdiction appropriate, those courts also found, unlike here, numerous other contacts by the defendant with the forum State. See, e.g., Benedict v. General Motors Corp, 142 F.Supp.2d 1330 (N.D. Fl. 2001) (finding jurisdiction where defendant had an agent for service of process in state, had a full-time office in state and employees, was protected by Florida laws and benefited from public services, participated in a

### 2. This Court Does Not Have Specific Personal Jurisdiction Over Adason.

For a court to have specific personal jurisdiction over a non-resident, there must be some "nexus" between the Plaintiff's claims and the defendant's specific contact with the forum. Helicopteros, 466 U.S. at 414. In addition, the defendant's contact giving rise to specific jurisdiction must evidence that defendant has purposefully availed itself of the benefits and protections of the laws of Florida, and that its actions give rise to a reasonable expectation of being haled into a Florida court. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

These requirements are not met in the instant action. Other than attendance at a single national trade show, Adason has no contact with the State of Florida, much less any contact that gives rise to the instant action. Adason has never represented or made any statements to any entity, much less any company in Florida, that its products or system is patented. (See Johnson Decl. at ¶ 12). Further, Adason's attendance at a trade show and even a display of allegedly infringing materials would not, as a matter of law, constitute a contact sufficient to establish specific personal jurisdiction. See, e.g., Medical Solutions, Inc. v. C

---

trade show in Florida and tested its product in state, and knew that automobiles with its parts would be driven in state).

7

Change Surgical LLC, 2006 WL 3833949, *4 (D.D.C. Dec. 29, 2006) (display of allegedly infringing device at trade show does not constitute infringement by "use" or "offer to sell"); Xactware, 402 F.Supp.2d at 1365 (no personal jurisdiction having booths at multiple trade shows with representatives to explain its products).³

In addition, there is no allegation, much less any evidence, that Adason ever purposefully availed itself of the benefits and protections of the law of Florida or, under these facts, have reasonably anticipated being subject to suit in Florida. Accordingly, Adason does not possess the requisite minimum specific contacts with Florida to be subject to suit in this Court.

Even if it were assumed that Adason possessed the requisite minimum specific contacts with this forum to permit the assertion of specific jurisdiction, the Court must still determine whether the assertion of personal jurisdiction would comport with traditional notions of "fair play and substantial justice" Burger King v. Rudzewicz, 471 U.S. 462, 477, 150 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). To make that determination, a court is to assess:

---

[3] Moreover, it is difficult to see how any alleged Adason actions could possibly constitute patent infringement given that SPM's "process" patent is a process that can only be used at an airport security checkpoint.

> 'the burden on the defendant' [in defending the lawsuit], 'the forum state's interest in adjudicating the dispute,' 'the plaintiff's interest in obtaining convenient and effective relief,' 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies' and the 'shared interest of the States in furthering fundamental social policies.'

Id.

Application of these factors clearly weighs against a finding of personal jurisdiction. Adason is a small business with its only office in Atlanta, Georgia. (See Johnson Decl. at ¶ 3). Adason has only two officers, both of whom are based exclusively in Atlanta, Georgia. (Id. at ¶ 13). Adason has a limited budget with limited financial and other resources. (Id. at ¶ 14). Requiring Adason's primary officers to travel to Florida to defend this action would impose a severe financial and resource strain on Adason. (Id. at ¶ 15). Finally, much, if not all, of the relevant materials and witnesses concerning Plaintiff's claims are likely to be located in Atlanta, Georgia, not in Florida. (Id. at ¶ 16).

Given the lack of any significant contact with Florida, Florida has no identifiable interest in adjudicating this dispute and certainly no more (and indeed, much less) interest in resolving this matter. Further, it can hardly be said that a suit in this forum will provide the most convenient and effective relief or the most efficient resolution of the dispute. Clearly, another forum, such as Georgia, would be the more appropriate venue to assert claims against Adason as that is where it

conducts its business.  Further, this action does not implicate any shared social policies that would warrant a Florida court asserting jurisdiction over Adason.

Finally, courts in the Eleventh Circuit (or the former Fifth Circuit) and other circuits have consistently held that the issue of personal jurisdiction should be determined at the time the action is commenced.  See, e.g., Prejean v. Sonatrach, Inc., 652 F.2d 1260, 1270, fn. 21 (5th Cir. 1981) ("personal jurisdiction must exist at the time service is made"); Blum v. Morgan Guaranty Trust Co. of New York, 539 F.2d 1388, 1391 (5th Cir. 1976) ("Statute providing for nationwide service of process in civil action . . . could not be used to create personal jurisdiction where it did not exist at the time of filing").  See also, Connecticut Aircraft Corp. v. Smith, 574 F.Supp. 626 (D.D.C. 1983) (Personal jurisdiction to be determined at the time of service).  Here, there can be no question that at the time this action was commenced – whether by Plaintiff's filing on January 16, 2007 or service on Adason on February 2, 2007 – there existed no basis for personal jurisdiction over Adason.  For this reason as well, the Court should find that specific personal jurisdiction over Adason does not exist.

### B.  This Complaint Must be Dismissed Under Fed. R. Civ. P. 12 (b)(3) Because Plaintiffs Have Filed Their Claims In An Improper Venue Or, Alternatively, the Action Should Be Transferred to a More Convenient Forum.

Plaintiff's Complaint should also be dismissed because Plaintiff has filed its claims in an improper venue. Plaintiff's complaint alleges a violation of the Patent Act, 35 U.S.C. §§ 271 and 292, the Lanham Act, 15 U.S.C. § 1125, along with other state law claims.

28 U.S. C. § 1400 provides:

> (a) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1391 further provides, in pertinent part that:

> (b) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which the defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if the district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

As the Johnson Declaration makes clear, Adason does not "reside" nor have any "regular and established place of business" in the State of Florida. Further, as the law and the above analysis make clear, Adason has never committed any

11

"infringing acts" within the District, nor is there personal jurisdiction over Adason in the State of Florida.  See Medical Solutions, Inc., 2006 WL 3833949, at *4.  Accordingly, venue is improper here.

In addition, the Eleventh Circuit has specifically held that "venue must be determined based on the facts at the time of filing."  Flowers Industries, Inc. v. F.T.C., 835 F.2d 775, 777, fn. 1 (11th Cir. 1987).  Here, Plaintiff's action was filed on January 16, 2007 – over one month prior to Adason's attendance at the national trade show.  Accordingly, even assuming Plaintiff seeks to allege the existence of venue based upon Adason's attendance at the national trade show, venue at the time of filing was not appropriate in this District and, for this reason as well, the Court should dismiss for improper venue.  Finally, in light of, *inter alia*, the tremendous burden that would be visited upon Adason to litigate in this forum[4] and the location of much, if not practically all, relevant evidence in Atlanta, Georgia, Adason respectfully requests, in the alternative, that this Court transfer this action to the more convenient forum of the United States District Court for the Northern

---

[4] By Plaintiff's own admission, Plaintiff and Adason are "direct competitors in the marketplace".  (See Complaint at ¶ 16).  By bringing this baseless action in this forum, Plaintiff clearly intends to seek to divert and drain the limited financial and other resources of Adason by forcing it to litigate in a forum with which it has no contacts.

District of Georgia, Atlanta Division, for the convenience of the parties and witnesses and in the interest of justice.

## **CONCLUSION**

For the foregoing reasons, Defendant The ADASON GROUP, LLC respectfully requests that the Court dismiss this action for lack of personal jurisdiction and improper venue or, alternatively, transfer this action to a more convenient forum.

Respectfully submitted this 22nd day of February 2007.

>/s/ Michael P. Bruyere
>Michael P. Bruyere - Trial Counsel
>Florida Bar No. 948586
>E-Mail: mbruyere@lordbissell.com
>Paul T. Kim
>(*Pro Hac Admission* pending)
>E-Mail: pkim@lordbissell.com
>
>LORD, BISSELL & BROOK LLP
>The Proscenium, Suite 1900
>1170 Peachtree Street, NE
>Atlanta, Georgia 30309
>Tel.:  404.870.4600
> Fax:  404.872.5547
>
>*Attorneys for Defendant*
>*The Adason Group, LLC*

## **CERTIFICATE OF SERVICE**

      I certify that on February 22, 2007, a copy of the foregoing Defendant The ADASON GROUP, LLC's Motion to Dismiss or, Alternatively, to Transfer Venue and Memorandum of Law in Support Thereon was filed electronically via the Court's ECF system and also served by United States Mail to the following:

Janet T. Munn
Robin L. Henderson
Shutts & Bowen LLP
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131


Dated:      February 22, 2007
                Atlanta, Georgia

                                            /s/ Michael P. Bruyere
                                            Michael P. Bruyere
                                            *One of the Attorneys for Defendant*

ATL 327379v3